**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Frameworks, Inc.</u>

    **v.**                                  Case No. 06-cv-461-PB

<u>Osram Sylvania Products, Inc.</u>


**<u>O R D E R</u>**

Frameworks, Inc. entered into a contract with Osram Sylvania Products, Inc. on January 21, 1999 that obligates Frameworks to meet Osram's requirements for "automotive lamps and other electrical devices and components" during the contract's ten-year term (the "Agreement"). Frameworks also agreed to supply any facilities, management, and labor that may be required to meet its obligations under the Agreement. In turn, Osram agreed to pay Framework certain "management" and "incentive" fees and reimburse it for its facility, labor, and equipment costs. The Agreement authorizes Frameworks to use a specified building in Antrim, New Hampshire, as its manufacturing site.

Frameworks seeks a declaration that the Agreement obligates Osram to lease the Antrim facility from Frameworks for several years after the Agreement expires. The basis for this claimed obligation is § 6.04 of the Agreement, which provides in pertinent part that "[Osram] agrees that in the event this Agreement terminates for any reason, it shall execute and deliver to Frameworks or its mortgagee, the Lease Agreement attached hereto as Exhibit C and incorporated herein by reference."

Osram has moved to dismiss for failure to state a claim. Its principal argument is that § 6.04 is inapplicable because it is triggered only if the Agreement is terminated before completion.

This is not a close case. Although § 6.04 of the Agreement obligates Osram to lease the Antrim facility if the Agreement "terminates for any reason," a fair reading of the Agreement as a whole leads inevitably to the conclusion that the Agreement does not treat a decision by Osram to allow the Agreement to expire as a decision to terminate the Agreement. I reach this conclusion for several reasons. First, the Agreement describes three distinct events under the heading "Termination": § 6.01 describes Osram's obligations in the event that it terminates a

-2-

purchase order issued under the Agreement; § 6.02 describes Osram's obligations in the event that it allows the Agreement to expire; and § 6.04 describes Osram's obligations in the event that the Agreement terminates for any reason.  The fact that Osram is obligated to lease the Antrim facility only if the Agreement is terminated under § 6.04 suggests that termination and expiration are treated by the Agreement as distinct events. Second, the fact that the Agreement refers elsewhere to the "expiration" and "termination" of the Agreement as distinct events further supports Osram's argument.  Agreement § 16.01 ("[w]ithin ninety (90) days after the expiration or termination of this Agreement"}.  Finally, the fact that § 6.02 specifies that Osram's obligation to pay certain expenses to Frameworks after the Agreement expires continues until Osram has removed all of its machinery from the Antrim facility makes no sense if, as Frameworks argues, Osram becomes obligated under § 6.04 to lease the Antrim facility immediately upon the expiration of the Agreement.

   Osram is entitled to prevail as a matter of law even when I review the complaint under the deferential standard of review that applies to motions to dismiss for failure to state a claim.

Defendant's Motion to Dismiss (Doc. No. 7) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

May 1, 2007

cc: Roy Tisley, Jr., Esq.
    Lawrence Edelman, Esq.